FILED
CLERK
8/5/2016 1:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JASON P. BRAND,

                      Plaintiff,

     -against-

LAW DEPARTMENT, STATE OF NEW YORK,

                      Defendant.
---------------------------------------------------------------X

**ORDER**
16-CV-2586 (JMA)(GRB)

**AZRACK, United States District Judge:**

       On May 20, 2016, *pro se* plaintiff Jason P. Brand ("plaintiff") filed his tenth *in forma pauperis* complaint in this Court.[1] This complaint is against the "Law Department, State of New York" ("defendant") and seeks to challenge a pre-judgment civil asset forfeiture by the State of New York. Plaintiff purports to allege a deprivation of his right to due process of law in violation of his constitutional rights and seeks the entry of a "TRO & injunction." (Compl. at 1.) The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) for the reasons that follow. Given the dismissal of the complaint, plaintiff's request for injunctive relief is denied as it is now moot.

### I.   BACKGROUND[2]

       Plaintiff's brief complaint is submitted on the Court's general complaint form and seeks to

---

[1] See 15-CV-5021(JMA)(GRB) Brand v. Narco Freedom, 15-6285(JMA)(GRB) Brand v. US Bank, 15-6286 (JMA)(GRB) Brand v. AIG, 15-6371(JMA)(GRB) Brand v. Lloyds of London, 15-6437(JMA)(GRB) Brand v. NYS Attorney General, 16-580(JMA)(GRB) Daso Development Corp. v. AmTrust NA, 15-6678 (JMA)(GRB) Brand v. Arch Specialty Ins. Co., 16-CV-1998(JMA)(GRB) Brand v. Chex Sys. Inc., and 16-CV-3965 Brand v. Bank of America NA.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

challenge an "Order of Attachment Oct 22, 2014." (Compl. ¶ III.B.) In its entirety, plaintiff's "Statement of Claim" alleges:[3]

> NYS issued a attachment order against the plaintiff under Article 13-A for over 3.5 million dollars, in which the complaint and indictmen t alleges a crime of insurance fraud in the amount of less than 200k. The attachment order seeks to restrain assets in which there is no subject matter jurisdiction, the on-going restraint has caused undue hardships to include ongoing dissipaetion of assets by third parties in which the claiming agent is nit acting t secure such assets. The attachment order is granted pre-judgment, and is excessive. Various rights afforded to the plaintiff have been continuously breached prior to a disposition, due profess has been breached, and innocent non-party family members have been victims of the abuse. We are here to determine if the State had the broad claiming authority to villate such rights, and seek to impose a injunction freezing any financial judgements againsgt the plaintiff until his due process rights are afforded, and he is treated as a equal citizen with rights prior to a final deposition.

(Id. ¶ III.C.) As a result of the foregoing, plaintiff claims that his credit rating has been destroyed and that he has suffered "emotional stress and hardships." (Id. ¶ IV.) For relief, plaintiff seeks and order that would

> pleace the plaintiff on a 'equal footing' prior to illegal attachment and restraining order, invalidate all judgements on the record, and restore the plaintiff back to pre-attachment financial status and credit worthliness. Create law that prohibits this type of abuse to occur to other parties and provide a straight forward interpretation of how asset forfeiture is suported to be applied. Rule how defendants have rights prior to judgement and how the abuse of the statistory civil rigjhts of a citizen in this state is entitled to a fair and equitable opportunity to be assumed innocent until proven otyerwise.

(Id. ¶ V.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of

---

[3] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.      Standard of Review**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual

allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Abstention**

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see also Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Hansel v. Town Ct. for the Town of Springfield, *N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995).

In Sprint Commc'ns, Inc. v. Jacobs, ---U.S.----, 134 S. Ct. 584, 591-92 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach." Mir v. Shah, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order). Instead, the Supreme Court held that the *Younger* abstention doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint, 134 S. Ct. at 588 (internal quotation marks and citations omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, plaintiff seeks exclusively injunctive relief relating to his on-going state court criminal prosecution. As is readily apparent under the Supreme Court's categorical approach, this Court must abstain under the Younger abstention doctrine. Accordingly, plaintiff's claims

here are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint, particularly given his litigation history. Given that the reason for the dismissal of plaintiff's complaint is substantive and could not be cured in an amended complaint, leave to amend the complaint is denied. However, plaintiff may pursue any valid claims he may have in state court.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court shall mail a copy of this order to the plaintiff and mark this case closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis*

status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**  /s/ JMA_____
Joan M. Azrack
Dated:  August 5, 2016        United States District Judge
Central Islip, New York

6